IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.                                                         15-CR-239-A

HECTOR CARATTINI,

                Defendant.

---

## PLEA AGREEMENT

The defendant, HECTOR CARATTINI, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to plead guilty to Count 1 of the Superseding Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, 100 grams or more of heroin), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 40 years, a fine of $5,000,000, a mandatory $100 special assessment and a term of supervised release of at least 4 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II. ELEMENTS AND FACTUAL BASIS

3. The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime: that an agreement existed between two or more persons to commit a controlled substance felony offense; that the defendant knew of the existence of the agreement; that the defendant intended to participate in the unlawful agreement; and that at least 100 grams of heroin was reasonably foreseeable to the defendant as being within the scope of the agreement.

### FACTUAL BASIS

4. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a. Between in or about July 2014 and on or about September 28, 2015, the defendant became active in a heroin distribution organization. The defendant agreed and conspired with others to distribute heroin in the Western District of New York. Specifically, the defendant handled the phone provided to him by the heroin distribution organization, used by individuals like himself, to sell heroin. On June 18, 2014 (two times),

September 23, 2014 (two times), September 30, 2014 (four times), October 6, 2014, October 15, 2014, October 23, 2014, December 4, 2014, December 12, 2014 and March 2, 2015 the defendant sold heroin to undercover officers (UC). In total, the UC purchased 83 bags of heroin on 14 occasions for $830. On each occasion the UC and the defendant would make contact by telephone to arrange a controlled purchase of heroin from the defendant. The defendant was utilizing phones provided to him by the heroin distribution organization with the numbers (716) 465-2951, 812-3428, 819-6155 and 308-5673. The defendant was intercepted by law enforcement utilizing a phone to sell heroin to other individuals as well, during this time period. The interceptions were pursuant to a court authorized wiretap. The defendant admits to this conduct.

b.  At least one hundred (100) grams but less than four hundred (400) grams of heroin is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Superseding Indictment which could be readily proven by the government against the defendant.

### III.  SENTENCING GUIDELINES

5.  The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6.  The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(8) apply to the offense of conviction and provide for a base offense level of **24**.

### ACCEPTANCE OF RESPONSIBILITY

7.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees, if applicable, to move the Court to apply the additional

one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **21**.

## CRIMINAL HISTORY CATEGORY

8.  It is the understanding of the government and the defendant that the defendant's criminal history category is **VI**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

9.  It is the understanding of the government and the defendant that, with a total offense level of **21** and criminal history category of **VI**, the defendant's sentencing range would be a term of imprisonment of **77** to **96** months, a fine of **$7,500** to **$5,000,000**, and a period of supervised release of **4** to **5** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

10. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this

4

agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

11. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

### IV. STATUTE OF LIMITATIONS

12. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other federal criminal offense, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

### V. GOVERNMENT RIGHTS AND RESERVATIONS

13. The defendant understands that the government has reserved the right to:

a.  provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in

the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. advocate for a specific sentence consistent with the terms of this agreement;

c. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

14. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.   APPEAL RIGHTS

15. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

16. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

17. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 9, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves the right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

18. This plea agreement represents the total agreement between the defendant, HECTOR CARATTINI, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
Acting United States Attorney
Western District of New York

BY: _____
MEGHAN A. TOKASH
Assistant United States Attorney

Dated: July 5, 2017

I have read this agreement, which consists of 8 pages. I have had a full opportunity to discuss this agreement with my attorney, Barry Donohue, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
HECTOR CARATTINI
Defendant

Dated: July 5, 2017

_____
BARRY DONOHUE, ESQ.
Attorney for the Defendant

Dated: July 5, 2017

I, _Raida Pimienta_, hereby affirm under penalty of perjury that I am a _Spanish_ language interpreter and that I have carefully and fully translated the entire plea agreement set forth above to the defendant, _Hector Carattini_; further that the defendant has indicated to me that the defendant understands the terms of this plea agreement and that by signing this agreement, the defendant agrees to all of its terms and conditions; the defendant has further specifically acknowledged to me that the defendant is signing the agreement voluntarily and after full consultation with the defendant's attorney,

Dated: 07/05/2017

_____
Interpreter