UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | DEFENDANT CARATTINI'S STATEMENT WITH RESPECT TO |
| Plaintiff, | SENTENCING FACTORS 18 USC §3553, |
| v. | SENTENCING MEMORANDUM AND REQUEST FOR |
| HECTOR CARATTINI, | GUIDELINES SENTENCE |
| Defendants. | 15-cr-239 A |

I.     INTRODUCTION.

     July 5, 2017 defendant Hector Carattini pled guilty to possession with intent to distribute 100 grams or more of heroin.  Dkt. # 271.

     Defendant Hector Carattini submits this Sentencing Statement, Memorandum, and Request for a Guidelines Sentence and credit for relevant conduct in anticipation of his sentencing currently scheduled for October 16, 20017 at 12:30 p.m.  Request is herein made for leniency at sentencing.

II.     PRESENTENCE INVESTIGATION REPORT {"PSR"} OF AUGUST 30, 2017.  USSG §6A1.2.

     Mr. Carattini and I have had an opportunity to review, and discuss with one another, the contents of the thorough and complete PSR of August 30, 2017.  Mr. Carattini has no objection to its contents and wishes to draw the court's attention to the departure comments in paragraph 116 and requests credit for seven months of relevant conduct.

III.     A SENTENCE AT THE BOTTOM OF THE GUIDELINE RANGE, NO FINE, AND A PERIOD OF SUPERVISED RELEASE OF FOUR YEARS IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY.

The Court will recall that July 5, 2017 defendant Hector Carattini pled guilty to possession with intent to distribute 100 grams or more of heroin. Dkt. # 279.

He is a criminal history category VI and realizes he will receive a greater sentence than some of his co-defendants who have lower criminal history categories. Defendant does not advocate for a sentence below the guidelines. Dkt. # 271 ¶ 10. Defendant seeks a sentence at the bottom of the guideline range plus 7 months credit for time served on offenses that constitute "relevant conduct". Defendant wishes to highlight for the Court that he has been a heroin addict since he was 13 years old and that he promptly accepted responsibility in connection with this case by notifying the government very early on of his willingness to plead guilty.

    A.    <u>The nature and circumstances of the offense and the history and characteristics of the defendant.</u>

"It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Koon v. US</u>, 518 US 81, 113 (1996). "The punishment should fit the offender and not merely the crime. The belief no longer prevails that every offense in a like legal category calls for an identical punishment without regard to the past life and habits of a particular offender." <u>Williams v. New York</u>, 337 US 241, 247 (1949). At the age of 13, while addicted to heroin, Mr. Carattini was a witness to a violent crime. He was told that if he cooperated with the government harm would come to his family. He kept his mouth shut. Pled guilty to a crime he did not commit and spent 9 years in jail. Upon release he continued to battle addiction to heroin.

Mr. Carattini is before the court because of choices he himself made. And he quickly acknowledged as much. While the sentencing guidelines permit reductions in sentences for defendants who cooperate with the government, the Guidelines do not punish those who do not avail themselves of that benefit. Given defendant's experiences with threats to the well-being of his family when he was only 13 years old it should come as no surprise that defendant was immediately willing to accept responsibility for his own conduct but not willing to address the culpability or lack thereof of other persons. Upon release from prison Mr. Carattini hopes to go back to Puerto Rico, stay drug free for the rest of his life, and find a job repairing cars and trucks.

  B. <u>The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.</u>

Defendant does not believe that his request for seven (7) months credit violates paragraph 10 of the plea agreement even though USSG § 5K2.23 calls it a "downward departure" if it is a completed sentence but something else if it is for a sentencing still being served. The Supreme Court has said that the purpose of USSG § 5G1.3 was to "attempt to achieve some coordination of sentences imposed...with an eye toward having such punishments approximate the total penalty that would have been imposed had the sentences for the different offenses been imposed at the same time (i.e., had all of the offenses been prosecuted in a single proceeding)...§ 5G1.3 operates to mitigate the possibility that the fortuity of two separate prosecutions will grossly increase a defendant's sentence." <u>Witte v. US</u>, 515 US 389, 404-405 (1995). "If...a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction...the court shall adjust the sentence for any period of imprisonment already served." USSG § 5G1.3(b). If the Court were to sentence at the low end of

the range, 77 months, and give credit for the seven (7) months relevant conduct the sentence would still be north of the 60-month mandatory minimum.

      C.      <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

The sentencing laws for drug offenses are strict. <u>US v. Ingram</u>, 721 F3d 35, 38 (2nd Cir. 2013) ("narcotics guidelines that no one has ever accused of being anything other than stringent"). This is well known to the public. Even the mandatory minimum in this case represents a substantial term of confinement.

      D.      <u>The need for the sentence imposed to protect the public from further crimes of the defendant.</u>

Mr. Carattini has no history of violence. Even at 60 months Mr. Carattini would be about 48 years old when he is released from incarceration. Rearrest rates decline with age and fall below 40 % at age 40 for persons convicted of cocaine offenses. Recidivism Among Drug Trafficking Offenders, USSC, 2005, 34. Recidivism rates drop from 54.9% to 44.4% after 24 months and decline minimally thereafter. Recidivism Among Drug Trafficking Offenders, USSC, 2005, 32.

      E.      <u>The need for the sentence imposed to provide the defendant with the needed educational, medical care, or other correctional treatment in the most effective manner</u>.

Mr. Carattini is in need drug dependency services that are currently offered in the federal Bureau of Prisons.

      F.      <u>The kinds of sentences available.</u>

Incarceration and post release supervision are the sentences commonly seen in drug trafficking cases.

      G.      <u>The need to avoid unwarranted sentence disparities among defendants with similar</u>

records who have been found guilty of similar conduct.

The Court has a wealth of experience in sentencing in drug trafficking cases. Defendant seeks a sentence of 70 months. On August 7, 2017 co-defendant Kristie Boncore was sentenced to time served, or 24 months. On September 19, 2017 Michael Perez was sentenced to 30 months. On September 20, 2017 Juan Oliverias-Arbelo was sentenced to 24 months. All other co-defendants have plea agreements with sentence ranges lower than Mr. Carattini

    H.    <u>The need to provide restitution to any victims.</u>

Restitution is not applicable in this case. 18 USC § 3663.

IV.    CONCLUSION AND SENTENCING REQUEST:

In short, it is requested that Mr. Carattini be sentenced at the low end of the range or as the court deems appropriate.

Dated:   September 29, 2017        /s/Barry J. Donohue
                                                       Barry J. Donohue
                                                       Attorney for defendant
                                                       77 Broad Street
                                                       Tonawanda, New York 14150
                                                       (716) 693-0359
                                                       Barry@donohuelaw.com

UNITED STATES DISTRICT COURT for the
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,          CERTIFICATE OF SERVICE

v.

HECTOR CARATTINI,          15-cr-239 A

        Defendant.

---

    The undersigned certifies that I am attorney for the defendant in the above matter and am of such age to serve papers.

    On September 19, 2017 I served a copy of the attached SENTENCING MEMO by electronic service via CM/ECF:

    ADDRESSEE:

    Meghan A. Tokash
    Assistant United States Attorney
    Western District of New York
    138 Delaware Ave., Federal Ctre.
    Buffalo, New York 14202
    meghan.tokash@usdoj.gov

    On September 19, 2017 I served a copy of the attached STATEMENT by: (x) First Class

United States Mail; (  ) hand delivery; (  ) electronic mail; or, (  ) facsimile:

    ADDRESSEE:

    Lisa Ferraro, US Probation Officer
    2 Niagara Square
    US Courthouse
    Buffalo, New York 14202


Dated:   September 29, 2017        /s/Barry J. Donohue
                                                   Barry J. Donohue
                                                   Attorney for defendant
                                                   77 Broad Street
                                                 Tonawanda, New York 14150
                                                 (716) 693-0359
                                                 e-mail:  barry@donohuelaw.com