**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

UNITED STATES OF AMERICA,

    v.

HECTOR CARTTINI,

    Defendant.
_____

15-CR-239-A
**DECISION AND ORDER**

On October 25, 2017, the Court sentenced the Defendant to an aggregate sentence of 70 months' imprisonment and four years' supervised release following his plea of guilty to conspiring to possess with intent to distribute, and to distribute, 100 grams or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). The Defendant did not appeal his conviction or sentence, nor has he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

The Defendant has, however, filed a *pro se* motion for free copies of a number of docket entries, as well as a request for a free copy of his sentencing transcript. *See* Docket No. 416. For the reasons stated below, the Defendant's motion is denied without prejudice.

**DISCUSSION**

The relief the Defendant seeks is governing by two different statutes. The first, 28 U.S.C. § 2250, states that an indigent petitioner may be provided with free "copies of . . . documents or parts of the record on file." The statute, however, applies only "on an[] application for a writ of habeas corpus." *Id.* The Defendant, as noted, has noted filed an application for a writ of habeas corpus.

The second statute governing the relief the Defendant seeks is 28 U.S.C.

§ 753(f). In relevant part, § 753(f) provides:

> Fees for transcripts furnished in proceedings brought under [28 U.S.C. § 2255] to persons permitted to sue or appeal in forma pauperis shall be paid by the United States . . . if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

The Second Circuit has held that both "the plain language and necessary operation" of § 753(f) require that "a motion for a free transcript . . . is not ripe until a § 2255 motion has been filed." *United States v. Horvath*, 157 F.3d 131, 132 (2d Cir. 1998). Because, as noted, the Defendant has not filed a § 2255 motion, § 753(f) prevents the Defendant from obtaining a free transcript of his sentencing.[1]

## CONCLUSION

For the reasons stated above, the Defendant's motion for a free transcript of his sentencing is **DENIED** without prejudice;

It is **FURTHER ORDERED** that the Defendant's request for free copies of various docket items is **DENIED** without prejudice; and

It is **FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Decision and Order, together with an application to proceed *in forma pauperis*, to the Defendant.

**SO ORDERED.**

Dated: April 23, 2018                           *s/Richard J. Arcara*
    Buffalo, New York                   HONORABLE RICHARD J. ARCARA
                                               UNITED STATES DISTRICT JUDGE

---

[1] Both § 2250 and § 753(f) provide that, to qualify for free docket entries or a free transcript, a defendant must be proceeding *in forma pauperis*. The Defendant has not yet filed an application to proceed *in forma pauperis*. A copy of such application will be mailed to the Defendant, together with a copy of this Decision and Order.